**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50272 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-04335-W-1 |
| v. | |
| MANUEL FEDERICO MARTINIE BORBON, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, Senior District Judge, Presiding

Argued and Submitted May 3, 2011
Pasadena, California

Before: GOODWIN and WARDLAW, Circuit Judges, and COGAN, District
Judge.**

---

\*This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*The Honorable Brian M. Cogan, U.S. District Judge for the Eastern New
York, sitting by designation.

Manuel Federico Martinie Borbon appeals his conviction and sentence for attempted entry after deportation in violation of 8 U.S.C. § 1326 and misuse of entry documents in violation of § 1546(a). First, Borbon contends that the district court erred in failing to dismiss the illegal entry charge because it was based on a prior removal order entered in violation of his right to due process. Second, Borbon argues that the district court erred in excluding evidence of his post-arrest statements. Third, Borbon challenges his sentence as procedurally unreasonable. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Our circuit reviews *de novo* a claim that a defect in a prior removal proceeding precludes reliance on the final removal order in a subsequent § 1326 proceeding. *United States v. Ramos*, 623 F.3d 672, 679 (9th Cir. 2010). To successfully bring a collateral attack against a prior removal order, an alien must demonstrate that: "(1) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d). A predicate removal order is "fundamentally unfair" under § 1326(d)(3) when "the deportation proceeding violated the alien's due process rights and the alien suffered prejudice as a result." *United States v. Arias-Ordonez*, 597 F.3d 972, 976 (9th Cir. 2010) (citing *United*

*States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2003)). Borbon has not met the requisite showing of prejudice.

Borbon argues that the failure to inform him of his right to counsel in a language he could understand along with the failure to obtain a waiver of the right to counsel constituted inherent prejudice. We disagree. In a separate opinion we held that prejudice could not be presumed based on such a violation of an alien's right to counsel when an alien has been convicted of an aggravated felony. *United States v. Reyes-Bonilla*, No. 10-50361, __ F.3d __, slip op. at 1173 (9th Cir. Feb. 6, 2012) ("We therefore hold that in order to mount a successful collateral attack on a prior removal order under § 1326(d), an alien who was convicted of an aggravated felony and was not properly advised of his right to counsel or did not waive this right must show that he was actually prejudiced by this due process violation.").

Borbon was an aggravated felon, and the conviction document relied upon in his expedited removal proceedings, an abstract of judgment from his prior conviction for possession of a controlled substance, was properly certified. Borbon has also failed to show that he had plausible grounds for relief at the time of his removal proceedings because he entered without inspection and was never lawfully admitted as a permanent resident. *See Ramos*, 623 F.3d at 684 ("If the defendant is barred from receiving relief, his claim is not plausible.") (citation and internal quotation marks

3

omitted). Accordingly, the district court correctly denied his motion to dismiss the illegal entry charge.

The district court's exclusion of hearsay evidence is reviewed for an abuse of discretion, *see United States v. Marguet-Pillado*, 560 F.3d 1078, 1081 (9th Cir. 2009), as is a procedural sentencing determination, *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). The district court did not abuse its discretion in excluding Borbon's post-arrest statements regarding living conditions in Mexico. The statements were not relevant to the determination of Borbon's specific intent to reenter free from official restraint.

The district court did not commit procedural error by inadequately specifying the reasons for rejecting Borbon's policy arguments against imposition of the sixteen-level enhancement. At the hearing, the district court indicated that it reviewed all of the sentencing documents and made explicit reference to Borbon's recidivism and criminal history. In sum, we find that the district court adequately considered the pertinent factors in imposing a low-end Guidelines sentence. *See Carty*, 520 F.3d at 992 ("The district court need not tick off each of the § 3553(a) factors . . . .").

**AFFIRMED.**